IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MARQUEZ, | CV-F-03-6508 OWW WMW  HC |
| Petitioner, | ORDER GRANTING REQUEST TO AMEND PETITION |
| vs. | [Doc. 44 ] |
| SCOTT P. RAWERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 5, 2007, Petitioner filed a request to amend his petition to include a claim that the Governor's reversal of the Parole Board's grant of parole constituted a violation of the Ex Post Facto clause. Respondent opposes this motion on the ground that this issue has been decided in Johnson v. Gomez, 92 F.3d 964 (1996). Petitioner argues in response that the Supreme Court's decision in Garner v. Jones, 529 U.S. 244 (2000) changed the landscape by holding that even if a challenged law is neutral on its face, it will result in an ex post facto violation if the evidence shows that the implementation of the provision has created a significant risk of a longer period of incarceration than under the earlier

1 provision. Id. at 255.

2 Petitioner argues that the issue raised in Johnson v. Gomez must be addressed in light of Garner v. Jones, and that such a case is now pending before the Ninth Circuit. See Johnson v. Finn, 06-17042. This court's review of the district court's decision in that case reveals that the district court did decide the issue based on Johnson v. Gomez, and that the application of Garner v. Jones to parole reversals in California is indeed the issue before the Ninth Circuit in Johnson v. Finn. Accordingly, this court must find that the applicability of Garner v. Jones is an open question and Petitioner is not precluded from raising this issue in this court.

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1) Petitioner's motion to amend his petition is GRANTED;

2) The Clerk of the Court is instructed to file attachment number 1 to Petitioner's Request to Amend Petition [Doc. 44] as the First Amended Petition;

3) This case will proceed solely on the First Amended Petition;

4) Respondent is GRANTED thirty (30) days from the date of service of this order within which to file an answer to the First Amended Petition;

5) Petitioner is GRANTED thirty (30) days from the filing of the answer to the First Amended Petition to file a Traverse. IT IS SO ORDERED.

**Dated:   October 30, 2007**              /s/  William M. Wunderlich
                                            UNITED STATES MAGISTRATE JUDGE